JUDGE ROBINSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CENTRAL MUTUAL INSURANCE COMPANY,

Civil Action No. **07 CIV 8366**

Plaintiff,

-against-

**COMPLAINT FOR
DECLARATORY RELIEF**

MARK ROGOWSKI and M&M PRODUCE FARMS &
SALES, INC.,

Defendants.

-------------------------------------------------------------------X

Plaintiff Central Mutual Insurance Company ("Central"), by its attorneys, Rivkin Radler

LLP, as and for its complaint for declaratory judgment against defendants Mark Rogowski and

M&M Produce Farms & Sales, Inc., alleges as follows:

### Parties

1.      Plaintiff Central is incorporated in the State of Ohio having its principal place of

business in Van Wert, Ohio and is authorized to transact business in the State of New York.

2.      Upon information and belief, Defendant Mark Rogowski ("Rogowski") is a

natural person residing in the County of Orange, State of New York.

3.      Upon information and belief, Defendant M&M Produce Farms & Sales, Inc.

("M&M") is incorporated in the State of New York, having its principal place of business in

Goshen, New York, and is authorized to transact business in the State of New York.

### Jurisdiction and Venue

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for the

purpose of determining a question of actual controversy between the parties as described more

completely herein.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exclusive of costs and interest is in excess of $75,000.

6.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as defendants Rogowski and M&M reside in this District and M&M conducts business in this District.

### The Insurance Contract

7.     Central and M&M entered into a commercial auto policy bearing number BAP 7980863 for the period June 4, 2004 to June 4, 2005 having a $1 million liability limit for any one accident or loss ("Central Policy").

8.     Rogowski is not listed as an insured under the Central Policy.

### The Personal Injury Action

9.     On or about October 5, 2005, Nancy Rogowski and Natasha Rogowski, the wife and the daughter of Rogowski, commenced a personal injury lawsuit against Rogowski and M&M, pending in New York State Supreme Court, Orange County (Index No. 7085/05) (the "personal injury action").   A true and correct copy of the Amended Summons and Amended Complaint in the personal injury action are attached as Exhibit A hereto.

10.     The personal injury action alleges that, on August 31, 2004, a single car accident took place when the vehicle left the roadway and came into contact with a tree.  The personal injury action further alleges that the vehicle came into contact with the tree because of the negligence of Rogowski and M&M in their ownership, operation, control and maintenance of the vehicle, and the negligent entrustment of the vehicle to Rogowski by M&M.  Both Rogowski

and M&M are alleged to be the owners of the vehicle, and Rogowski is alleged to be a principal and/or partner of M&M.

11.     Upon receipt of this claim and lawsuit, Central investigated the circumstances of the accident alleged in the personal injury action.  Central obtained a police report regarding the accident, which indicated that Nancy Rogowski, and not Mark Rogowski, was the driver of the vehicle at the time of the accident.  When questioned by Central regarding the details of the accident, Mark Rogowski, on behalf of himself and M&M, claimed that he was driving the subject vehicle at the time of the accident.

12.     By letter dated March 30, 2006, Central agreed to provide a defense to M&M in the personal injury action under a reservation of rights to disclaim coverage.  A true and correct copy of the letter dated March 30, 2006 is attached as Exhibit B hereto.

13.     In the March 30, 2006, 2006 letter, Central also requested certain information from Rogowski to determine the extent of Central's defense obligations to Rogowski, if any, with respect to the personal injury action.  Central informed Rogowski that, upon receipt of the information requested, it would clarify the extent of its defense obligations, if any, to Rogowski under the Central Policy.  Central also reserved its rights to disclaim coverage to Mark Rogowski on a number of grounds.

14.     As of this date, Rogowski has never responded to Central's request for information in its March 30, 2006 letter.

### Declaratory Relief Is Appropriate

15.     An actual controversy has arisen and exists between Central, on the one hand, and Rogowski and M&M, on the other, relating to the legal rights and duties of the parties under the Central Policy with respect to the claims made in the personal injury action.

16.    Rogowski and M&M contend that Central has a duty to defend and indemnify each of them in the personal injury action under the Central Policy.  Central contends that, under the Central Policy, it does not have, and/or that it never had, a duty to defend or indemnify Rogowski and M&M in connection with the claims made in the personal injury action for the following reasons:

    a.  Central has no duty to defend or indemnify Rogowski and M&M pursuant to the terms, conditions, exclusions and limitations to the Central Policy, and/or based upon law or fact;

    b.  Rogowski is not an insured under the Central Policy;

    c.  Rogowski was not using the subject vehicle with M&M's permission at the time of the accident;

    d.  Rogowski cannot be insured under the Central Policy against any liability due to injuries to his spouse unless there is an express provision relating specifically thereto included in the Central Policy, and there is no such provision;

    e.  Rogowski and M&M made fraudulent statements or engaged in fraudulent conduct in connection with the alleged accident and personal injury action;

    f.  Rogowski and M&M failed to provide timely notice of an occurrence, offense or suit pursuant to the terms and conditions of the Central Policy;

    g.  Rogowski and M&M breached the duty to cooperate under the Central Policy;

    h.  there is other insurance to which the Central Policy is excess to with respect to the personal injury action;

i.   the harm or injuries in the personal injury action are not alleged to be, nor have they been, fortuitous;

j.   no coverage is available to the extent that Rogowski and M&M seek the payment of defense costs that were incurred prior to Central's receipt of notice of the personal injury action;

k.   no coverage is available to the extent that the relief sought in the personal injury action does not constitute damages within the meaning of the Central Policy;

l.   no coverage is available to the extent that the personal injury action seeks punitive, treble or exemplary damages against Rogowski and/or M&M, because these do not constitute damages payable under the Central Policy;

m.   no coverage is available to the extent that the personal injury action seeks recovery for attorney's fees, which do not constitute damages payable under the Central Policy; and

n.   Central reserves the right to assert any and all other additional reasons or bases for its position that coverage does not exist under the Central Policy for the claims asserted against Rogowski and M&M in the personal injury action.

## FIRST CAUSE OF ACTION
### (For Declaratory Relief)

17.    Central realleges paragraphs "1" through "16" as though fully set forth herein.

18.    Central does not have, nor ever had, a duty to defend Rogowski or M&M in connection with the personal injury action and is entitled to a declaration to that effect.

## SECOND CAUSE OF ACTION
(For Declaratory Relief)

19.    Central realleges paragraphs "1" through "18" as though fully set forth herein.

20.    Central does not have, nor ever had, a duty to indemnify Rogowski or M&M in connection with the personal injury action and is entitled to a declaration to that effect.

## THIRD CAUSE OF ACTION
(For Declaratory Relief)

21.    Central realleges paragraphs "1" through "20" as though fully set forth herein.

22.    In the event the Court determines that Central owes a duty to defend Rogowski and/or M&M in connection with the personal injury action, then such duty to defend is limited to paying only those necessary and reasonable costs expended for that claim or those claims for relief that are within the coverage of the Central Policy.

## FOURTH CAUSE OF ACTION
(For Reimbursement Of Defense Costs)

23.    Central repeats and realleges paragraphs "1" through "22" as though more fully set forth herein.

24.    Central does not have a duty to defend or indemnify and/or never had a duty to defend or indemnify M&M in connection with the personal injury action.

25.    Central agreed to conditionally advance the reasonable and necessary costs incurred by M&M in defending the personal injury action pursuant to a full and complete reservation of its rights including, but not limited to, its right to seek a declaration that it had no duty to defend or indemnify M&M and to seek reimbursement of any and all defense fees and costs paid on behalf of M&M for defense of the personal injury action.

26.    Central has advanced to M&M its costs for the defense of the personal injury action. Central is entitled to a declaration that it is under no duty to defend M&M.

27.     Central is entitled to reimbursement from M&M for all or a portion of the defense costs and attorney's fees paid to or on behalf of M&M for the defense of the personal injury action.

### FIFTH CAUSE OF ACTION
(For Unjust Enrichment)

28.     Central repeats and realleges paragraphs "1" through "27" as though more fully set forth herein.

29.     Central does not have a duty to defend or indemnify and/or never had a duty to defend or indemnify M&M in connection with the personal injury action.

30.     Central has advanced to M&M its costs for the defense of the personal injury action.

31.     M&M would be unjustly enriched if M&M is allowed to retain the benefits of the monies paid by Central, which monies Central was never obligated to pay.

32.     Central is entitled to reimbursement from M&M of the defense costs and attorney's fees paid to or on behalf of M&M for the defense of the personal injury action.


WHEREFORE, Plaintiff Central Mutual Insurance Company requests that the Court enter judgment:

      A.     Declaring that the Central Policy does not obligate Central to defend or indemnify Rogowski for any amounts in connection with the personal injury action;

      B.     Declaring that the Central Policy does not obligate Central to defend or indemnify M&M for any amounts in connection with the personal injury action;

7

C.   For reimbursement to Central for any and all amounts which it has paid to or on the behalf of M&M for defense of the personal injury action;

D.   Declaring that in the event the Court determines that Central owes a duty to defend Rogowski and/or M&M in connection with the personal injury action, then such duty to defend is limited to paying only necessary and reasonable costs expended;

E.   Determining the rights and obligations of all parties based on the terms, conditions, exclusions and limitations contained in the Central Policy;

F.   Awarding Central its costs in this action; and

G.   Awarding Central such other and further relief as this Court deems just and proper.

Dated:  Uniondale, New York
        September 24, 2007

Respectfully submitted,

RIVKIN RADLER LLP

M. Paul Gorfinkel (MPG-2069)
Jason B. Gurdus (JG-3293)
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

Attorneys for Plaintiff
Central Mutual Insurance Company

2074857 v1

8

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

———————————————————————————X

NANCY ROGOWSKI, Individually and as Parent            Index No.: 2005/7085
and Natural Guardian of NATASHA ROGOWSKI,            Date Purchased: 10/5/05
an Infant,

                                        Plaintiffs,

            -against-
                                                         **AMENDED
                                                         SUMMONS**

                                                      The basis of venue is
                                                      Plaintiffs' residence

MARK ROGOWSKI , M&M PRODUCE FARMS
& SALES, INC. and M&M PRODUCE FARMS &                Plaintiffs reside at:
SALES,                                               P.O. Box 301
                                        Defendants.   Pine Island, NY 10969
———————————————————————————X
                                                      County of Orange

To the above named Defendants:

            YOU ARE HEREBY SUMMONED to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated:        Lagrangeville, New York
              July 19, 2007

                                        BASSO & ASSOCIATES, PC
                                        Attorneys for Plaintiffs
                                        Office and P.O. Address
                                        1171 Route 55
                                        Lagrangeville, NY 12540
                                        (845) 452-0200

Defendants' addresses:

MARK ROGOWSKI                           M&M PRODUCE FARMS & SALES, INC.
P.O. Box 301                            401 Pulaski Highway
Pine Island, NY 10969                   Goshen, NY 10924

M&M PRODUCE FARMS & SALES
401 Pulaski Highway
Goshen, NY 10924

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------X

NANCY ROGOWSKI, Individually and as Parent          Index No.: 2005/7085
and Natural Guardian of NATASHA ROGOWSKI, an
Infant,

                              Plaintiffs,

        -against-                                    **AMENDED**
                                                     **VERIFIED**
                                                     **COMPLAINT**
MARK A. ROGOWSKI, M&M PRODUCE
FARMS & SALES, INC. and M&M PRODUCE
FARMS & SALES,

                              Defendants.
--------------------------------------------------------X

        Plaintiffs, NANCY ROGOWSKI, individually and as parent and natural guardian of NATASHA

ROGOWSKI, by their attorneys, Basso & Associates, P.C., for their Verified Complaint, respectfully

allege as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF INFANT PLAINTIFF

### NATASHA ROGOWSKI AS AGAINST ALL DEFENDANTS

   1.    At all relevant times, Plaintiffs are residents of the County of Orange, State of New York.

   2.    Upon information and belief, at all relevant times, Defendant MARK ROGOWSKI was

and is a resident of the County of Orange, State of New York.

   3.    Upon information and belief, at all relative times, Defendant M&M

PRODUCE FARMS & SALES, INC. was and remains a corporation, organized and existing

under the laws of the State of New York.

   4.    Upon information and belief, at all relevant times, Defendant M&M PRODUCE

FARMS & SALES, INC. was and remains a corporation doing business in the State of New York.

   5.    Upon information and belief, at all relevant times, Defendant M&M

PRODUCE FARMS & SALES was and remains a partnership, organized and existing under

the laws of the State of New York.

3

6.     Upon information and belief, at all relevant times, Defendant M&M PRODUCE FARMS & SALES was and remains a partnership doing business in the State of New York.

7.     Upon information and belief, at all relevant times, Defendant MARK ROGOWSKI was an agent, servant and/or employee of Defendants M&M PRODUCE FARMS & SALES, INC. and M&M PRODUCE FARMS & SALES and was acting within the course and scope of his employment.

8.     Upon information and belief, at all relevant times, Defendant M&M PRODUCE FARMS & SALES, INC. was the titled owner of a 2004 Jeep automobile bearing New York State license plate number "AMJ6690" (the "DEFENDANT CAR").

9.     Upon information and belief, at all relevant times, Defendant M&M PRODUCE FARMS & SALES was the titled owner of the DEFENDANT CAR.

10.     Upon information and belief, at all relevant times, Defendant M&M PRODUCE FARMS & SALES, INC. was the registered owner of the DEFENDANT CAR.

11.     Upon information and belief, at all relevant times, Defendant M&M PRODUCE FARMS & SALES was the registered owner of the DEFENDANT CAR.

12.     Upon information and belief, at all relevant times, Defendant MARK ROGOWSKI was the registered owner of the DEFENDANT CAR.

13.     Upon information and belief, at all relevant times, Defendant M&M PRODUCE FARMS & SALES, INC. was the lessee and/or owner as defined by Section 128 of the Vehicle and Traffic Law of the State of New York, of the DEFENDANT CAR.

14.     Upon information and belief, at all relevant times, Defendant M&M PRODUCE FARMS & SALES was the lessee and/or owner as defined by Section 128 of the Vehicle and Traffic Law of the State of New York, of the DEFENDANT CAR.

15.     Upon information and belief, at all relevant times, Defendant MARK ROGOWSKI was the operator of the DEFENDANT CAR.

16.     Upon information and belief, at all relevant times, Defendant MARK ROGOWSKI was a principal and/or partner of Defendants M&M PRODUCE FARMS & SALES, INC. and M&M PRODUCE FARMS & SALES.

17.     At all relevant times Plaintiff NANCY ROGOWSKI was a lawful passenger in the DEFENDANT CAR.

18.     At all relevant times Infant Plaintiff NATASHA ROGOWSKI was a lawful passenger in the DEFENDANT CAR.

19.     Upon information and belief, at all relevant times, Little York Road, Mt. Eve Road and their intersection in the Town of Warwick, County of Orange, State of New York are public roads and thoroughfares.

20.     Upon information and belief, on August 31, 2004, at approximately 11:16 p.m., Defendant MARK ROGOWSKI operated the DEFENDANT CAR on Little York Road at or near its intersection with Mt. Eve Road in the Town of Warwick, County of Orange, State of New York (the "Accident Location").

21.     On August 31, 2004, at approximately 11:16 p.m., the DEFENDANT CAR left the roadway and came into contact with a tree at the Accident Location (the "Accident").

22.     The DEFENDANT CAR came into contact with a tree because of the negligence of Defendants in their ownership, operation, control, and maintenance of the DEFENDANT CAR.

23.     Defendants were careless, reckless and negligent in their ownership, operation, control, and maintenance of the DEFENDANT CAR, in among other things: in causing and/or permitting the DEFENDANT CAR to leave the roadway; in causing and/or permitting the DEFENDANT CAR to come into contact with a tree; in traveling at a speed not reasonable and prudent; in failing to obey a traffic control device; in failing to take those steps necessary to avoid the contingency which herein occurred; in failing to keep the DEFENDANT CAR under proper control; in failing to operate the DEFENDANT CAR in a manner and at a speed that was reasonable and proper under the prevailing

traffic conditions; in failing to reduce speed in order to avoid the accident; in failing to properly keep and maintain the DEFENDANT CAR so as to prevent the contingency which herein occurred; in failing to properly operate the braking and acceleration devices of the DEFENDANT CAR under the circumstances of the roadway where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in violating the rules of the road; in failing to observe that degree of caution, prudence and care which was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; in failing to keep alert and attentive; in failing to yield the right-of-way; in failing to properly apply brakes; in failing to sound horn; in failing to comply with the statutes and ordinances relative to the operation of motor vehicles upon the public highways and thoroughfares of the County of Orange, State of New York; and Defendants were in other ways negligent, wanton, reckless and careless.

24.    Said Accident and the injuries resulting to the Infant Plaintiff NATASHA ROGOWSKI were caused by the negligent acts of the Defendants without any negligence on the part of the Plaintiffs contributing thereto in any manner.

25.    Solely as a result of the foregoing, Infant Plaintiff NATASHA ROGOWSKI has suffered serious injuries to various parts of her body, has suffered and will continue to suffer great pain and anguish in body and mind, has necessarily received medical care in connection with the injuries sustained by her, has necessarily received and will continue to receive medical treatment and medicines; and upon information and belief her injuries are permanent, protracted and disabling in nature.

26.    As a result of the Accident the Infant Plaintiff NATASHA ROGOWSKI has suffered a serious injury as defined by Article 51 of the New York Insurance Law and is entitled to recover for such non-economic loss and for economic losses as are not included within the definition of "basic economic loss" as set forth in Article 51 of the New York Insurance Law.

27.    Infant Plaintiff NATASHA ROGOWSKI is a covered person as defined by §5102 of the Insurance Law of the State of New York.

6

28. This action falls within one (1) or more of the exceptions set forth in CPLR §1602.

29. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

30. As a result of the foregoing, Plaintiffs demand judgment against Defendants in an amount commensurate with the injuries sustained.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF INFANT PLAINTIFF NATASHA ROGOWSKI AS AGAINST DEFENDANTS M&M PRODUCE FARMS & SALES, INC. and M&M PRODUCE FARMS & SALES

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30", inclusive, with the same force and effect as though set forth herein at length.

32. Upon information and belief on or about August 31, 2004, Defendants M&M PRODUCE FARMS & SALES, INC. impliedly or affirmatively gave permission to Defendant MARK A. ROGOWSKI to operate the DEFENDANT CAR and by doing so, entrusted a dangerous instrumentality in the form of an automobile to the possession and use of a person who was not capable to safely operate said motor vehicle.

33. Upon information and belief on or about August 31, 2004, Defendants M&M PRODUCE FARMS & SALES impliedly or affirmatively gave permission to Defendant MARK A. ROGOWSKI to operate the DEFENDANT CAR and by doing so, entrusted a dangerous instrumentality in the form of an automobile to the possession and use of a person who was not capable to safely operate said motor vehicle.

34. As a direct and proximate result of said negligent entrustment, Defendant MARK A. ROGOWSKI recklessly, negligently and carelessly operated the motor vehicle so as to cause injury to Infant Plaintiff NATASHA ROGOWSKI.

35. As a result of the foregoing, Plaintiffs demand judgment against Defendants in an amount commensurate with the injuries sustained.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF NANCY ROGOWSKI AGAINST ALL DEFENDANTS

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35", inclusive, with the same force and effect as though set forth herein at length.

37. Plaintiff NANCY ROGOWSKI is the mother of the Infant Plaintiff herein, who resides with her mother.

38. As a consequence of the foregoing, Plaintiff NANCY ROGOWSKI was obliged to and did necessarily pay and become liable for medical aid, nursing, medicines, and expenses of a similar nature and character and her daughter, Infant Plaintiff NATASHA ROGOWSKI has been unable to perform the duties aforesaid which she theretofore had performed for this Plaintiff; that this Plaintiff has been deprived of the services of her daughter and her comfort and happiness in her society and companionship have been impaired and, upon information and belief, such deprivation and impairment will necessarily continue for a long time to come.

39. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

40. As a result of the foregoing, Plaintiff NANCY ROGOWSKI demands judgment against Defendants in an amount commensurate with the injuries sustained.

8

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

## NANCY ROGOWSKI AGAINST DEFENDANTS M&M PRODUCE FARMS &

## SALES, INC. AND M&M PRODUCE FARMS & SALES

41.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "40", inclusive, with the same force and effect as though set forth herein at length.

42.    Said Accident and the injuries resulting to the Plaintiff NANCY ROGOWSKI were caused by the negligent acts of Defendants M&M PRODUCE FARMS & SALES, INC. and M&M PRODUCE FARMS & SALES without any negligence on the part of the Plaintiff contributing thereto in any manner.

43.    Solely as a result of the foregoing, Plaintiff NANCY ROGOWSKI has suffered serious injuries to various parts of her body, has suffered and will continue to suffer great pain and anguish in body and mind, has necessarily received medical care in connection with the injuries sustained by her, has necessarily received and will continue to receive medical treatment and medicines, and upon information and belief her injuries are permanent, protracted and disabling in nature.

44.    As a result of the Accident the Plaintiff NANCY ROGOWSKI has suffered a serious injury as defined by Article 51 of the New York Insurance Law and is entitled to recover for such non-economic loss and for economic losses as are not included within the definition of "basic economic loss" as set forth in Article 51 of the New York Insurance Law.

45.    Plaintiff NANCY ROGOWSKI is a covered person as defined by §5102 of the Insurance Law of the State of New York.

46.    This action falls within one (1) or more of the exceptions set forth in CPLR §1602.

47.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

48. As a result of the foregoing, Plaintiff NANCY ROGOWSKI demands judgment against Defendants M&M PRODUCE FARMS & SALES, INC. and M&M PRODUCE FARMS & SALES in an amount commensurate with the injuries sustained.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF NANCY ROGOWSKI AS AGAINST DEFENDANTS M&M PRODUCE FARMS & SALES, INC. and M&M PRODUCE FARMS & SALES

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "48", inclusive, with the same force and effect as though set forth herein at length.

50. Upon information and belief on or about August 31, 2004, Defendants M&M PRODUCE FARMS & SALES, INC. impliedly or affirmatively gave permission to Defendant MARK A. ROGOWSKI to operate the DEFENDANT CAR and by doing so, entrusted a dangerous instrumentality in the form of an automobile to the possession and use of a person who was not capable to safely operate said motor vehicle.

51. Upon information and belief on or about August 31, 2004, Defendants M&M PRODUCE FARMS & SALES impliedly or affirmatively gave permission to Defendant MARK A. ROGOWSKI to operate the DEFENDANT CAR and by doing so, entrusted a dangerous instrumentality in the form of an automobile to the possession and use of a person who was not capable to safely operate said motor vehicle.

52. As a direct and proximate result of said negligent entrustment, Defendant MARK A. ROGOWSKI recklessly, negligently and carelessly operated the motor vehicle so as to cause injury to Plaintiff NANCY ROGOWSKI.

53. As a result of the foregoing, Plaintiffs demand judgment against Defendants in an amount commensurate with the injuries sustained.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, on each cause of action in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and interest as allowed by law.

Dated:      Lagrangeville, New York
            July 19, 2007

                                        BASSO & ASSOCIATES, P.C.
                                        Attorneys for Plaintiffs
                                        1171 Route 55
                                        Lagrangeville, NY 12540
                                        (845) 452-0200



**CENTRAL INSURANCE COMPANIES**

*– Since 1876 –*

March 30, 2006

M & M RODUCE FARMS & SALES INC.
401 PULASKI HWY
GOSHEN, NY 10924-7033
C/O MATTHEW ROGOWSKI

RE:     INSURED: M & M PACKAGING INC
        POLICY#: 7980863
        DATE OF LOSS: 08 / 31 / 04
        CLAIMANTS:  NANCY ROGOWSKI AND NATASHA ROGOWSKI

Dear M & M PACKAGING INC:

Please allow this to supplement Central Mutual Insurance Company's
("Central") November 2, 2005 determination as to the availability of
insurance coverage to M&M Produce Farms & Sales Inc. ("M&M"), as well
as Mark Rogowski, in the above-referenced personal injury lawsuit.
Upon review of information that it recently received, Central has
determined that it will provide a defense to M&M under a reservation of
rights to disclaim coverage. In addition, Central is requesting
certain information to determine the extent of its defense obligations,
if any, with respect to Mark Rogowski, who carries personal automobile
insurance coverage through Nationwide Insurance Company ("Nationwide").
Upon receipt of the information requested below, Central will clarify
the extent of its defense obligations, if any, to Mark Rogowski under
the policy of insurance issued to M&M by Central. However, in the
interim, Central also reserves its rights to disclaim coverage to Mark
Rogowski on a number of grounds.

Specifically, Central is reserving its rights to disclaim coverage to
M&M and Mark Rogowski based upon (1) Mark Rogowski is not an insured
under the Central policy; (2) the making of fraudulent statements or
the engaging in fraudulent conduct in connection with this matter; and
(3) to the extent that Mark Rogowski is found liable for the injuries
to his wife, Nancy Rogowski, there is no coverage for spousal liability
under the Central Policy.

This claim arises out of an automobile accident that allegedly took
place on August 31, 2004 in Warwick, New York on Little York Road at or
near its intersection with Mt. Eve Road.  Mark Rogowski, one of the
defendants in the personal injury lawsuit, was allegedly operating a
2004 Jeep (the "vehicle") at the time of the accident. The two
claimants in this matter are Mark Rogowski's wife, Nancy Rogowsk., and
his daughter, Natasha Rogowski, both of whom were allegedly passengers
in the vehicle at the time of the accident.  The one car accident
allegedly took place when the vehicle left the roadway and came into
contact with a tree.

As a result of the accident, on or about October 5, 2005, both Nancy Rogowski and Natasha Rogowski commenced a personal injury lawsuit against Mark Rogowski, as well as M&M Produce Farms & Sales, Inc., pending in New York State Supreme Court, Orange County (Index No. 7085/05) (the "personal injury lawsuit"). The personal injury lawsuit alleges that the vehicle came into contact with the tree because of the negligence of the defendants in their ownership, operation, control and maintenance of the vehicle. The complaint identifies both Mark Rogowski and M&M as the owners of the vehicle, and Mark Rogowski as a principal and/or partner of M&M.

Central's investigation has found that M&M is the owner of the vehicle. In its investigation of the accident, Central has also obtained a police report, which indicates that Mark Rogowski was not operating the vehicle at the time of the alleged accident. Instead, the police report indicates that his wife, Nancy Rogowski, was operating the vehicle. The police report states that the only individuals in the vehicle at the time of the accident were Nancy Rogowski and her daughter, Natasha Rogowski.

Central issued a commercial automobile policy to M&M, policy number BAP 7980863, for the policy period of June 4, 2004 to June 4, 2005 (the "Central Policy"). The limits of liability under the Central Policy are $1 million liability coverage for any one accident or loss.

1. Mark Rogowski May Not Be An Insured Under The Central Policy

The Liability Coverage section of the Central Policy (Section II) designates "covered 'autos'" as "any 'auto'" and provides, in relevant part, as follows:

We note that the lawsuit actually names as defendants M&M Produce Farms & Sales, Inc. and M&M Produce Farms & Sales. For purpose of this letter, we are acting under the assumption that both entities are the same. To the extent the entities are not the same, Central reserves its rights.

A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "auto."

We have the right and duty to defend any "insured" against a "suit" asking for such damages…. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily

injury" or "property damage" … to which this insurance does not
apply…

1.  WHO IS AN INSURED

    The following are "insureds":

    a. You for any covered "auto."

    b.  Anyone else while using with your permission a
        covered "auto" you own, hire or borrow except:

        1) The owner or anyone else from whom you hire or borrow a
           covered "auto." This exception does not apply if the
           covered "auto" is a "trailer" connected to a
           covered "auto" you own.

        2) Your "employee" if the covered "auto" is owned by
           that "employee" or a member of his or her household.

        3) Someone using a covered "auto" while he or she is
           working in a  business of selling, servicing,
           repairing, parking or storing "autos" unless that
           business is yours.

        4) Anyone other than your "employees," partners, (if you
           are a partnership), members (if you are a limited
           liability company), or, a lessee or borrower of any of
           their "employees," while moving property to or from a
           covered "auto."

        5) A partner (if you are a partnership), or a member (if
           you are a limited liability company) for a
           covered "auto" owned by him or her or a member of his
           or her household.

    c.  Anyone liable for conduct of an "insured" described above but
        only to the extent of that liability.

Based upon the above language, Mark Rogowski may not be an insured
under the Central Policy.  If, as indicated in the police report, Mark
Rogowski was not "using" the vehicle, with M&M's permission, at the
time of the alleged accident, he would not be an insured.  Accordingly,
Central reserves its rights to disclaim coverage to Mark Rogowski with
respect to the personal injury lawsuit, as he may not be an insured
under the Central Policy.

    2. No Spousal Liability Under The Central Policy

The following exclusion, added by endorsement, under the Liability
Coverage section of the Central Policy provides:

This insurance does not apply to any of the following:

i. Spousal Liability

"Bodily injury" to or "property damage" of the spouse of an "insured." However we will pay all sums an "insured" legally must pay if named as a third party defendant in a legal action commenced by his or her spouse against another party.

New York Insurance Law § 3420(g) also states that "[n]o policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse… unless express provision relating specifically thereto is included in the policy…" The Central Policy does not contain a provision providing for coverage because of injuries to any insured's spouse.

The exclusion, as well as New York Insurance Law § 3420(g), clearly applies as one of the plaintiffs in the personal injury lawsuit, Nancy Rogowski, is the wife of one of the defendants, Mark Rogowski. Moreover, New York Insurance Law § 3420(g) does not only authorize Central to exclude spousal liability, but it creates a statutory presumption that spousal liability is excluded from coverage unless otherwise stated in the Central Policy. Accordingly, Central reserves its rights to disclaim coverage to Mark Rogowski to the extent that Mark Rogowski is held liable for the injuries to his wife, Nancy Rogowski, in the personal injury lawsuit.

3. No Coverage For Fraudulent Statements Or Fraudulent Conduct

The following endorsement in the Central Policy modifies the general conditions under Section IV, "Business Auto Conditions," and provides as follows:

The CONCEALMENT, MISREPRESENTATION OR FRAUD Condition is replaced by the following:

FRAUD

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any "loss" or damage for which coverage is sought under this policy.

However, with respect to insurance provided under the COMMERCIAL AUTOMOBILE COVERAGE PART, we will provide coverage to such "insured" for damages sustained by any person who has not made fraudulent statements or engaged in fraudulent conduct if such damages are otherwise covered under the policy.

M&M, Mark Rogowski and/or the plaintiffs in the personal injury lawsuit may have made fraudulent statements or engaged in fraudulent conduct in connection with the alleged accident, as evidenced by the police report obtained by Central. The police report states that Nancy Rogowski was the driver of the vehicle and does not even state that Mark Rogowski was in the vehicle at the time of the alleged accident. Mark Rogowski has previously communicated with Central, in August 2005, that he was the driver of the vehicle at the time of the alleged accident. Furthermore, the Complaint, verified by Nancy Rogowski, states that Mark Rogowski was the driver of the vehicle at the time of the alleged accident. Central, therefore, requests that it immediately be provided with an explanation, to the extent you are able to provide it, as to why the police report states that Nancy Rogowski, and not Mark Rogowski, was the driver of the vehicle at the time of the alleged accident. We enclose a copy of the police report for your review. Accordingly, Central reserves its rights to disclaim coverage to M&M and/or Mark Rogowski with respect to the personal injury lawsuit.

     4. Other Insurance

     Section IV of the Central Policy, "Business Auto Conditions," also contains general conditions, which provide, in relevant part, as follows:

     The following conditions apply in addition to the Common Policy Conditions:

     B. GENERAL CONDITIONS

       5. OTHER INSURANCE

         a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

         d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

Central has been informed that Mark Rogowski is personally insured for automobile insurance coverage with Nationwide. However, Central is currently unaware of the terms and conditions of Mark Rogowski's policy with Nationwide. Therefore, by copy of this letter to counsel for

Nationwide, Central requests that Nationwide, and/or M&M, immediately provide it with a copy of the Nationwide policy issued to Mark Rogowski. Central also requests that Nationwide, and/or M&M, immediately provide information to Central regarding Nationwide's current defense arrangement with M&M and/or Mark Rogowski. Upon receipt of this documentation and information, Central will determine the extent of its defense obligations, if any, to Mark Rogowski.

For the foregoing reasons, Central will be providing M&M with a defense in the personal injury lawsuit under a reservation of rights to disclaim coverage under the Central Policy as set forth above. Central is assigning the law firm of Goldberg Segalla LLP, located at 665 Main Street, Suite 400, Buffalo, NY 14203, to handle the defense of M&M in the personal injury lawsuit.

In addition, upon the receipt of the documentation and information requested above, Central will determine the extent of its defense obligations with respect to Mark Rogowski. Namely, Central must be immediately provided with an explanation, to the extent you are able to provide it, as to why the police report states that Nancy Rogowski, and not Mark Rogowski, was the driver of the vehicle at the time of the alleged accident. Furthermore, Central needs to be provided with a copy of the Nationwide policy issued to Mark Rogowski and provided with information as to Nationwide's current defense arrangement with Mark Rogowski. Upon receipt of this information, Central will be able to determine how the defense of Mark Rogowski in the personal injury lawsuit will be handled together with Nationwide. In the interim, Central reserves its rights to disclaim coverage to Mark Rogowski under the Central Policy as set forth above.

Central specifically and fully reserves all of its rights under the captioned Central Policy, including, but not limited to, the right to assert any basis for disclaiming any duty to defend or indemnify M&M and/or Mark Rogowski in connection with the personal injury lawsuit, based upon the terms, conditions, exclusions, and limitations contained in the captioned policy, and/or based upon fact or law, whether or not referred to in this correspondence, or any prior correspondence to you. Nothing contained herein shall be deemed a waiver of our right to assert grounds for disclaiming coverage, whether now known or discovered in the future. The failure to state here any reason or basis for disclaiming coverage shall not be deemed a waiver by us of that reason or basis. All such rights and defenses are hereby expressly reserved.

Should you have any questions or wish us to consider any additional information, please do not hesitate to contact me. Please also immediately provide us with the documentation and information requested above.

Sincerely,


Ryan Lynch, A.I.C.
Claim Representative
Central Mutual Insurance Company
PHONE:  (888)473-0074
FAX:    (800)877-2293
E-MAIL: rlynch@central-insurance.com

I,

**Check Applicable Box**

☐ **Attorney's Certification**

certify that the annexed

has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation**

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

The reason I make this affirmation instead of                              is

I affirm that the foregoing statements are true under the penalties of perjury.

Dated:                                                        ......................................................................

STATE OF NEW YORK, COUNTY OF                              ss.:

being sworn says: I am

**Check Applicable Box**

☐ **Individual Verification**

in the action herein; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ **Corporate Verification**

the                              of

a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                              , 20

......................................................................

..........................................................................................

......................................................................
(Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF                              ss.:

being sworn says: I am not a party to the action, am over 18 years of age

and reside at

On                              , 20            , I served a true copy of the annexed

in the following manner:

**Check Applicable Box**

☐ **Service By Mail**

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ **Personal Service**

by delivering the same personally to the persons and at the addresses indicated below:

Sworn to before me on                              , 20

......................................................................

..........................................................................................

......................................................................
(Print signer's name below signature)