UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CENTRAL MUTUAL INSURANCE COMPANY,

                                Plaintiff,

-against-

MARK ROGOWSKI, M&M PRODUCE FARMS &
SALES, INC. and NANCY ROGOWSKI, Individually
and as Parent and Natural Guardian of NATASHA
ROGOWSKI, an Infant,

                                Defendants.
-----------------------------------------------------------------X

Civil Action No. 07 Civ. 8366 (SCR)

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

      Plaintiff Central Mutual Insurance Company ("Central"), by its attorneys, Rivkin Radler LLP, as and for its First Amended Complaint for declaratory judgment against defendants Mark Rogowski, M&M Produce Farms & Sales, Inc. and Nancy Rogowski, Individually and as Parent and Natural Guardian of Natasha Rogowski, an Infant, alleges as follows:

**Parties**

      1.     Plaintiff Central is incorporated in the State of Ohio having its principal place of business in Van Wert, Ohio and is authorized to transact business in the State of New York.

      2.     Upon information and belief, Defendant Mark Rogowski is a natural person residing in the County of Orange, State of New York.

      3.     Upon information and belief, Defendant M&M Produce Farms & Sales, Inc. ("M&M") is incorporated in the State of New York, having its principal place of business in Goshen, New York.

      4.     Upon information and belief, Defendant Nancy Rogowski is a natural person residing in the County of Orange, State of New York.

5. Upon information and belief, Defendant Natasha Rogowski is a minor under the age of eighteen years old and is a natural person residing in the County of Orange, State of New York.

### Jurisdiction and Venue

6. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy between the parties as described more completely herein.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exclusive of costs and interest is in excess of $75,000.

8. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as all of the defendants reside in this District and defendant M&M conducts business in this District.

### The Insurance Contract

9. Central and M&M entered into a commercial auto policy bearing number BAP 7980863 for the period June 4, 2004 to June 4, 2005 having a $1 million liability limit for any one accident or loss ("Central Policy").

10. Mark Rogowski is not listed as an insured under the Central Policy.

### The Personal Injury Action

11. On or about October 5, 2005, Nancy Rogowski and Natasha Rogowski, the wife and the daughter of Mark Rogowski, commenced a personal injury lawsuit against Mark Rogowski and M&M, pending in New York State Supreme Court, Orange County (Index No.

7085/05) (the "personal injury action"). A true and correct copy of the Amended Summons and Amended Complaint in the personal injury action are attached as Exhibit A hereto.

12. The personal injury action alleges that, on August 31, 2004, a single car accident took place when the vehicle left the roadway and came into contact with a tree. The personal injury action further alleges that the vehicle came into contact with the tree because of the negligence of Mark Rogowski and M&M in their ownership, operation, control and maintenance of the vehicle, and the negligent entrustment of the vehicle to Mark Rogowski by M&M. Both Mark Rogowski and M&M are alleged to be the owners of the vehicle, and Mark Rogowski is alleged to be a principal and/or partner of M&M.

13. Upon receipt of this claim and lawsuit, Central investigated the circumstances of the accident alleged in the personal injury action. Central obtained a police report regarding the accident, which indicated that Nancy Rogowski, and not Mark Rogowski, was the driver of the vehicle at the time of the accident. When questioned by Central regarding the details of the accident, Mark Rogowski, on behalf of himself and M&M, claimed that he was driving the subject vehicle at the time of the accident.

14. By letter dated March 30, 2006, Central agreed to provide a defense to M&M in the personal injury action under a reservation of rights to disclaim coverage. A true and correct copy of the letter dated March 30, 2006 is attached as Exhibit B hereto.

15. In the March 30, 2006, 2006 letter, Central also requested certain information from Mark Rogowski to determine the extent of Central's defense obligations to Mark Rogowski, if any, with respect to the personal injury action. Central informed Mark Rogowski that, upon receipt of the information requested, it would clarify the extent of its defense

obligations, if any, to Mark Rogowski under the Central Policy. Central also reserved its rights to disclaim coverage to Mark Rogowski on a number of grounds.

16. As of this date, Mark Rogowski has never responded to Central's request for information in its March 30, 2006 letter.

### Declaratory Relief Is Appropriate

17. An actual controversy has arisen and exists between Central, on the one hand, and Mark Rogowski and M&M, on the other, relating to the legal rights and duties of the parties under the Central Policy with respect to the claims made in the personal injury action by Nancy Rogowski and Natasha Rogowski.

18. Mark Rogowski and M&M contend that Central has a duty to defend and indemnify each of them in the personal injury action under the Central Policy. Central contends that, under the Central Policy, it does not have, and/or that it never had, a duty to defend or indemnify Mark Rogowski and M&M in connection with the claims made in the personal injury action for the following reasons:

    a. Central has no duty to defend or indemnify Mark Rogowski and M&M pursuant to the terms, conditions, exclusions and limitations to the Central Policy, and/or based upon law or fact;

    b. Mark Rogowski is not an insured under the Central Policy;

    c. Mark Rogowski was not using the subject vehicle with M&M's permission at the time of the accident;

    d. Mark Rogowski cannot be insured under the Central Policy against any liability due to injuries to his spouse unless there is an express provision

relating specifically thereto included in the Central Policy, and there is no such provision;

e.  Mark Rogowski and M&M made fraudulent statements or engaged in fraudulent conduct in connection with the alleged accident and personal injury action;

f.  Mark Rogowski and M&M failed to provide timely notice of an occurrence, offense or suit pursuant to the terms and conditions of the Central Policy;

g.  Mark Rogowski and M&M breached the duty to cooperate under the Central Policy;

h.  there is other insurance to which the Central Policy is excess to with respect to the personal injury action;

i.  the harm or injuries in the personal injury action are not alleged to be, nor have they been, fortuitous;

j.  no coverage is available to the extent that Mark Rogowski and M&M seek the payment of defense costs that were incurred prior to Central's receipt of notice of the personal injury action;

k.  no coverage is available to the extent that the relief sought in the personal injury action does not constitute damages within the meaning of the Central Policy;

l.  no coverage is available to the extent that the personal injury action seeks punitive, treble or exemplary damages against Mark Rogowski and/or

  M&M, because these do not constitute damages payable under the Central Policy;

m. no coverage is available to the extent that the personal injury action seeks recovery for attorney's fees, which do not constitute damages payable under the Central Policy; and

n. Central reserves the right to assert any and all other additional reasons or bases for its position that coverage does not exist under the Central Policy for the claims asserted against Mark Rogowski and M&M in the personal injury action by Nancy Rogowski and Natasha Rogowski.

## FIRST CAUSE OF ACTION
(For Declaratory Relief)

19. Central realleges paragraphs "1" through "18" as though fully set forth herein.

20. Central does not have, nor ever had, a duty to defend Mark Rogowski or M&M in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski, and is entitled to a declaration to that effect.

## SECOND CAUSE OF ACTION
(For Declaratory Relief)

21. Central realleges paragraphs "1" through "20" as though fully set forth herein.

22. Central does not have, nor ever had, a duty to indemnify Mark Rogowski or M&M in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski, and is entitled to a declaration to that effect.

## THIRD CAUSE OF ACTION
(For Declaratory Relief)

23. Central realleges paragraphs "1" through "22" as though fully set forth herein.

24. In the event the Court determines that Central owes a duty to defend Mark Rogowski and/or M&M in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski, then such duty to defend is limited to paying only those necessary and reasonable costs expended for that claim or those claims for relief that are within the coverage of the Central Policy.

## FOURTH CAUSE OF ACTION
(For Reimbursement Of Defense Costs)

25. Central repeats and realleges paragraphs "1" through "24" as though more fully set forth herein.

26. Central does not have a duty to defend or indemnify and/or never had a duty to defend or indemnify M&M in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski.

27. Central agreed to conditionally advance the reasonable and necessary costs incurred by M&M in defending the personal injury action pursuant to a full and complete reservation of its rights including, but not limited to, its right to seek a declaration that it had no duty to defend or indemnify M&M and to seek reimbursement of any and all defense fees and costs paid on behalf of M&M for the defense of the personal injury action.

28. Central has advanced to M&M its costs for the defense of the personal injury action. Central is entitled to a declaration that it is under no duty to defend M&M.

29. Central is entitled to reimbursement from M&M for all or a portion of the defense costs and attorney's fees paid to or on behalf of M&M for the defense of the personal injury action by Nancy Rogowski and Natasha Rogowski.

## FIFTH CAUSE OF ACTION
(For Unjust Enrichment)

30. Central repeats and realleges paragraphs "1" through "29" as though more fully set forth herein.

31. Central does not have a duty to defend or indemnify and/or never had a duty to defend or indemnify M&M in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski.

32. Central has advanced to M&M its costs for the defense of the personal injury action.

33. M&M would be unjustly enriched if M&M is allowed to retain the benefits of the monies paid by Central, which monies Central was never obligated to pay.

34. Central is entitled to reimbursement from M&M of the defense costs and attorney's fees paid to or on behalf of M&M for the defense of the personal injury action by Nancy Rogowski and Natasha Rogowski.

WHEREFORE, Plaintiff Central Mutual Insurance Company requests that the Court enter judgment:

    A. Declaring that the Central Policy does not obligate Central to defend or indemnify Mark Rogowski for any amounts in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski;

    B. Declaring that the Central Policy does not obligate Central to defend or indemnify M&M for any amounts in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski;

C. For reimbursement to Central for any and all amounts which it has paid to or on the behalf of M&M for the defense of the personal injury action by Nancy Rogowski and Natasha Rogowski;

D. Declaring that in the event the Court determines that Central owes a duty to defend Mark Rogowski and/or M&M in connection with the personal injury action by Nancy Rogowski and Natasha Rogowski, then such duty to defend is limited to paying only necessary and reasonable costs expended;

E. Determining the rights and obligations of all parties based on the terms, conditions, exclusions and limitations contained in the Central Policy;

F. Awarding Central its costs in this action; and

G. Awarding Central such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
       July 21, 2008

Respectfully submitted,

RIVKIN RADLER LLP

M. Paul Gorfinkel (MPG-2069)
Jason B. Gurdus (JG-3293)
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

Attorneys for Plaintiff
Central Mutual Insurance Company

2163366 v1

Index No. _____  Year _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTRAL MUTUAL INSURANCE COMPANY,

Plaintiff(s),

-against-

MARK ROGOWSKI, M&M PRODUCE FARMS & SALES, INC. and NANCY ROGOWSKI, Individually and as Parent and Natural Guardian of NATASHIA ROGOWSKI, an Infant,

Defendant(s).

## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

**RIVKIN RADLER LLP**

*Attorneys for* Plaintiff

926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE# 002441-00366

To:

Attorney(s) for

---

Service of a copy of the within                                             is hereby admitted.

Dated:

..................................................................

Attorney(s) for

---

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY   that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                      20

☐ NOTICE OF SETTLEMENT   that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,
at
on                         20      , at         M.

Dated:

**RIVKIN RADLER LLP**
*Attorneys for*

926 RECKSON PLAZA
UNIONDALE, NEW YORK 11556-0926

To:

FILE# _____