UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CENTRAL MUTUAL INSURANCE COMPANY,

      Plaintiff(s),

  Civil Action No. 07 Civ 8366 (SCR)

**AMENDED VERIFIED ANSWER**

 -against-

MARK ROGOWSKI, M&M PRODUCE FARMS & SALES, INC. and NANCY ROGOWSKI, Individually and as Parent and Natural Guardian of NATASHA ROGOWSKI, an Infant,

      Defendant(s).
------------------------------------------------------------------X

  The defendants, NANCY ROGOWSKI, Individually and as Parent and Natural Guardian of NATASHA ROGOWSKI by and through their attorneys, BASSO & ASSOCIATES, P.C. as and for its verified answer to the plaintiff's verified complaint, alleges as follows:

  FIRST: Denies each and every allegation contained in paragraphs "10"

  SECOND: Denies knowledge and information as to each and every allegation contained in paragraphs "1", "3", "9", "13", "14", "15", and "16".

  THIRD: Denies and refers all questions of law to the Court in each and every allegation contained in paragraphs "6", "7", "8", "17", "18"

  FOURTH: Admits each and every allegation contained in paragraph "2", "4", "5", "11", and "12".

## AS AND FOR THE FIRST CAUSE OF ACTION

FIFTH: Answering defendants reiterate and reallege each and every response made to the allegations contained in the paragraphs of the complaint designated "1" through "18", inclusive, as referred to in paragraph marked "19" of the complaint with the full force and effect as though fully set forth at length herein.

SIXTH: Denies each and every allegation contained in paragraph "20".

## AS AND FOR THE SECOND CAUSE OF ACTION

SEVENTH: Answering defendants reiterate and reallege each and every response made to the allegations contained in the paragraphs of the complaint designated "1" through "20", inclusive, as referred to in paragraph marked "21" of the complaint with the full force and effect as though fully set forth at length herein.

EIGHTH: Denies each and every allegation contained in paragraph "22".

## AS AND FOR THE THIRD CAUSE OF ACTION

NINTH: Answering defendants reiterate and reallege each and every response made to the allegations contained in the paragraphs of the complaint designated "1" through "22", inclusive, as referred to in paragraph marked "23" of the complaint with the full force and effect as though fully set forth at length herein.

TENTH: Denies and refers all questions of law to the Court in each and every allegation contained in paragraph "24".

## AS AND FOR THE FOURTH CAUSE OF ACTION

AS AND FOR A SECOND AFFIRMATIVE AND COMPLETE DEFENSE

NINETEENTH: Plaintiff's causes of action are barred by the Statute of Limitations

## AS AND FOR A THIRD AFFIRMATIVE AND COMPLETE DEFENSE

TWENTIETH: The Court lacks personal jurisdiction over Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-FIRST: Plaintiff's causes of action are barred by the doctrines of waiver and estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-SECOND: Plaintiff fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-THIRD: The Court lacks subject matter jurisdiction.

## AS AND FOR A SEVENTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-FOURTH: Plaintiff has failed to mitigate its damages.

**WHEREFORE,** these answering defendants demand judgment:

AS AND FOR A SECOND AFFIRMATIVE AND COMPLETE DEFENSE

NINETEENTH:  Plaintiff's causes of action are barred by the Statute of Limitations

### AS AND FOR A THIRD AFFIRMATIVE AND COMPLETE DEFENSE

TWENTIETH:  The Court lacks personal jurisdiction over Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-FIRST:  Plaintiff's causes of action are barred by the doctrines of waiver and estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-SECOND:  Plaintiff fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-THIRD:  The Court lacks subject matter jurisdiction.

### AS AND FOR A SEVENTH AFFIRMATIVE AND COMPLETE DEFENSE

TWENTY-FOURTH:  Plaintiff has failed to mitigate its damages.

**WHEREFORE,** these answering defendants demand judgment:

(1) Dismissing plaintiff's verified complaint;

(2) For costs and disbursements.

Dated: August 11, 2008
LaGrangeville, NY

Yours, etc.

BASSO & ASSOCIATES, P.C.
John J. Basso, Esq.
Attorneys for Defendants – Nancy Rogowski,
 Individually and a/p/n/g of Natasha Rogowski
1171 Route 55
LaGrangeville, NY 12540
(845) 452-0200

TO: RIVKIN RADLER, LLP
Attorneys for Plaintiff –
 Central Mutual Insurance Company
 M. Paul Gorfinkel (MPG-2069)
Jason B. Gurdus (JG-3293)
926 RexCorp Plaza
Uniondale, NY 11556-0926
(516) 357-3000

STATE OF NEW YORK )
                 )  SS.:
COUNTY OF DUTCHESS )


    JOHN J. BASSO, an attorney admitted to practice in the courts of the New York and says that:

    I am the principal of the law firm of BASSO & ASSOCIATES, P.C., the attorneys of record.

    I have read the annexed *Answer*, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon records, reports and investigative material contained in our file.

    The reason I make this affirmation instead of plaintiff is that plaintiff does not reside in the county where we maintain our primary offices.

    I affirm that the foregoing statements are true under penalties of perjury.

Dated: LaGrangeville, New York
       August 11, 2008

                                              JOHN J. BASSO, ESQ.

Civil Action No. 07 Civ 8366 (SCR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
CENTRAL MUTUAL INSURANCE COMPANY,

                                  Plaintiffs,                      <u>**AFFIDAVIT OF SERVICE**</u>

      -against-

MARK ROGOWSKI, M&M PRODUCE FARMS &
SALES, INC. and NANCY ROGOWSKI, Individually
and as Parent and Natural Guardian of NATASHA
ROGOWSKI, an Infant,

                                Defendants.
-----------------------------------------------------------------
STATE OF NEW YORK    )
                           ) SS:
COUNTY OF DUTCHESS  )

      MARY MORAN, being duly sworn, deposes and says:

      I am not a party to this action. I am over 18 years of age and I reside in LaGrangeville, New York.

      On August 7, 2008, I served the within AMENDED VERIFIED ANSWER, for service upon the attorneys listed below at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

      **Rivkin Radler, LLP**
      **926 RexCorp Plaza**
      **Uniondale, NY 11556-0926**

                                                    _/s/ Mary Moran_
                                                    MARY MORAN

Sworn to before me this
7th day of August, 2008.

_/s/ Lorie A. Bedell_
Notary Public

       LORIE A. BEDELL
  Notary Public, State Of New York
       No. 01BE5075780
   Qualified In Dutchess County
Commission Expires April 7, 20 11