UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CENTRAL MUTUAL INSURANCE COMPANY,

                                                                          07CV8366 (SCR)
                     Plaintiff,                    **ANSWER**

    -against-

MARK ROGOWSKI, M&M PRODUCE FARMS &
SALES, INC. And NANCY ROGOWSKI, Individually
and as Parent and Natural Guardian of NATASHA
ROGOWSKI, an Infant,

                     Defendants.
-------------------------------------------------------------------X

      Defendants, MARK ROGOWSKI and M&M PRODUCE FARMS, & SALES, INC., by their attorney, GREGORY G. HOOVER, SR., P.C., as and for their answer to the plaintiff's complaint, allege as follows:

## PARTIES

      1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in Paragraph "1" of the plaintiff's complaint.

      2. Admits the allegations contained in Paragraphs "2" and "3" of the plaintiff's complaint.

## JURISDICTION AND VENUE

      3. Admits the allegations contained in Paragraphs "4" through "6" of the plaintiff's complaint.

## THE INSURANCE CONTRACT

      4. Admits the allegations contained in Paragraph "7" of the plaintiff's complaint.

      5. Denies each and every allegation stated or contained in Paragraph "8" of the plaintiff's complaint.

## THE PERSONAL INJURY ACTION

6. Admits the allegations contained in Paragraph "9" and "10" of the plaintiff's complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in Paragraph "11" of the plaintiff's complaint, except admits when questioned by Central regarding the details of the accident, Mark Rogowski, on behalf of himself and M&M claimed that he was driving the subject vehicle at the time of the accident.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in Paragraph "12" and "14" of the plaintiff's complaint.

9. Denies each and every allegation stated or contained in Paragraph "13" of the plaintiff's complaint.

## DECLARATORY RELIEF IS APPROPRIATE

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in Paragraph "15" of the plaintiff's complaint.

11. Denies each and every allegation stated or contained in Paragraph "16" of the plaintiff's complaint, except admits Rogowoski and M&M contend that Central has a duty to defend and indemnify each of them in the personal injury action under the Central Policy.

12. Denies each and every allegation stated or contained in Paragraph "16" subparagraphs "a" through "g" and subparagraphs "j" and "k" of the plaintiff's complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation stated or contained in Paragraph "16" subparagraphs "h" and "i" and subparagraphs "l" through "n" of the plaintiff's complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

14. The defendants, MARK ROGOWSKI and M&M PRODUCE FARMS & SALES, INC., repeat, reiterate and reallege with the same force and effect as if here more fully set forth at length, each and every denial and denial of knowledge or information thereof sufficient to form a belief hereinabove alleged in response to the allegations of the plaintiff's complaint by reference in the paragraph numbered "17" of the plaintiffs' complaint.

15. Denies each and every allegation stated or contained in Paragraph "18" of the plaintiff's complaint.

## AS AND FOR THE SECOND CAUSE OF ACTION

16. The defendants, MARK ROGOWSKI and M&M PRODUCE FARMS & SALES, INC., repeat, reiterate and reallege with the same force and effect as if here more fully set forth at length, each and every denial and denial of knowledge or information thereof sufficient to form a belief hereinabove alleged in response to the allegations of he complaint by reference in the paragraph numbered "19" of the plaintiff's complaint.

17. Denies each and every allegation stated or contained in Paragraph "20"of the plaintiff's complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

18. The defendants, MARK ROGOWSKI and M&M PRODUCE FARMS & SALES, INC., repeat, reiterate and reallege with the same force and effect as if here more fully set forth at length, each and every denial and denial of knowledge or information thereof sufficient to form a belief hereinabove alleged in response to the allegations of the complaint by reference in the paragraph numbered "21" of the plaintiff's complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations stated or contained in Paragraph "22" of the plaintiff's complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

20. The defendants, MARK ROGOWSKI and M&M PRODUCE FARMS & SALES, INC., repeat, reiterate and reallege with the same force and effect as if here more fully set forth at length, each and every denial and denial of knowledge or information thereof sufficient to form a belief hereinabove alleged in response to the allegations of he complaint by reference in the paragraph numbered "23" of the plaintiff's complaint.

21. Denies each and every allegation stated or contained in Paragraphs "24" through "27" of the plaintiff's complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

22. The defendants, MARK ROGOWSKI and M&M PRODUCE FARMS & SALES, INC., repeat, reiterate and reallege with the same force and effect as if here more fully set forth at length, each and every denial and denial of knowledge or information thereof sufficient to form a belief hereinabove alleged in response to the allegations of he complaint by reference in the paragraph numbered "28" of the plaintiff's complaint

17. Denies each and every allegation stated or contained in Paragraphs "29" through "32" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE AND COMPLETE DEFENSE

18. Plaintiff failed to timely isisue its reservation of rights and estopped from doing so.

## AS AND FOR A SECOND AFFIRMATIVE AND COMPLETE DEFENSE

19. Plaintiff's causes of action are barred by the Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE AND COMPLETE DEFENSE

20. The Court lacks personal jurisdiction over defendants.

**AS AND FOR A FOURTH AFFIRMATIVE AND COMPLETE DEFENSE**

21. Plaintiff fails to state a cause of action.

**AS AND FOR A FIFTH AFFIRMATIVE AND COMPLETE DEFENSE**

22. Plaintiff failed to join all necessary and indispensable parties.

**AS AND FOR A SIXTH AFFIRMATIVE AND COMPLETE DEFENSE**

23. The Court lacks subject matter jurisdiction.

**AS AND FOR A SEVENTH AFFIRMATIVE AND COMPLETE DEFENSE**

24. Plaintiff has failed to mitigate its damages.

**AS AND FOR A EIGHTH AFFIRMATIVE AND COMPLETE DEFENSE**

25. Plaintiff's causes of action are barred by the doctrines of waiver and estoppel.

**AS AND FOR A NINTH AFFIRMATIVE AND COMPLETE DEFENSE**

26. Plaintiff breached its contract with defendants.

**AS AND FOR A TENTH AFFIRMATIVE AND COMPLETE DEFENSE**

27. Plaintiff is acting in bad faith.

WHEREFORE, the defendants, MARK ROGOWSKI and M&M PRODUCE FARMS & SALES, INC., demand judgment as follows:

1. Dismissing plaintiff's complaint;

2. Adjudicating the ultimate rights of the parties, as between themselves, in this action and together with the costs and disbursements of this action.

Dated: August 12, 2008
    Campbell Hall, New York

        Yours, etc.,

        GREGORY G. HOOVER, SR., P.C.

        By: S/_____
        GREGORY G. HOOVER, SR. (GH7017)
        Attorney for Defendants, Mark Rogowski and
        M&M Produce Farms & Sales, Inc.
        Office and P.O. Address
        PO Box 28
        Goshen, New York 10924
        845/ 496-6100

TO:    RIVKIN RADLER, LLP
        Attorneys for Plaintiff
        926 RexCorp Plaza
        Uniondale NY 11556-0926